1   KINDRA DENEAU (State Bar No. 024156)
2   7135 East Camelback Rd., Suite 230
    Scottsdale, Arizona 85251
3   Telephone:  (480) 306-5977
4   Facsimile:  (602) 626-3504

5   *Of Counsel to*
6   Lemberg & Associates LLC
    A Connecticut Law Firm
7   1100 Summer Street
8   Stamford, CT  06905
    Telephone:  (203) 653-2250
9   Facsimile:  (203) 653-3424

10
    Attorneys for Plaintiff,
11  Danielle Schrader

12

13

14              IN THE UNITED STATES DISTRICT COURT
15                 FOR THE DISTRICT OF ARIZONA
16

17

18  Danielle Schrader,                    Case No.:

19            Plaintiff,

20                                         **COMPLAINT**
    vs.
21

22  River Collection & Recovery Service,
    Inc.; and DOES 1-10, inclusive,
23

24            Defendants.

25

26

27

28

**1**

**2**   For this Complaint, the Plaintiff, Danielle Schrader, by undersigned counsel,

**3**   states as follows:

**4**

**5**   **JURISDICTION**

**6**   1.      This action arises out of Defendants' repeated violations of the Fair Debt

**7**   Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of

**8**   Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to

**9**   collect a consumer debt.

**10**

**11**   2.      Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331,

**12**   1367.

**13**

**14**   3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

**15**   Defendants transact business here and a substantial portion of the acts giving rise to

**16**   this action occurred here.

**17**

**18**   **PARTIES**

**19**   4.      The Plaintiff, Danielle Schrader (hereafter "Plaintiff"), is an adult individual

**20**   residing in Peoria, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. §

**21**   1692a(3).

**22**

**23**   5.      The Defendant, River Collection & Recovery Service, Inc. (hereafter "River"),

**24**   is a Minnesota business entity with an address of 19449 Evans Street NW, Unit B, Elk

**25**   River, MN 55330, operating as a collection agency, and is a "debt collector" as the

**26**

**27**   term is defined by 15 U.S.C. § 1692a(6).

**28**

2

6.     Does 1-10 (the "Collectors") are individual collectors employed by River and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     River at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to the original creditor, Dr. James Diamond, DDS (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to River for collection, or River was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     River Engages in Harassment and Abusive Tactics**

12.    Plaintiff is a school teacher and River placed calls to Plaintiff to her cell phone and at her school of employment on the main office line in an attempt to collect the Debt.

3

13.     When calling her school of employment, River failed to provide the debt collection mini-miranda and failed to disclose their identity as a debt collector.

14.     Upon receipt of a message from her school's main office, Plaintiff returned River's telephone call to a "Kelly" after class.

15.     Once on the phone with Kelly and her supervisor, they claimed she owed over $1,400.00 for a dental filling.

16.     Although Plaintiff disputes that she owes the debt altogether because she had been told the filling would be covered by her dental insurance, Plaintiff informed River that she would be willing to pay whatever balance she had on her medical flex spending account as payment in full on the Debt.

17.     In order to use her flex spending account, Plaintiff asked River to provide an itemized statement of the Debt.

18.     River claimed they had already mailed Plaintiff an itemized statement, but Plaintiff inquired to what address they had mailed the statement and informed River that she had moved and gave River her new address.

19.     Plaintiff requested that River provide verification of the Debt. River refused to send Plaintiff said verification.

20.     In response to Plaintiff's request for verification, River stated that they will note that Plaintiff "refuses to pay the Debt" and threatened to refer the Debt "to their attorneys." No such action has been taken to date.

4

21.     River further demanded to know how much money Plaintiff had in her bank accounts, and what her bank account numbers were.  Plaintiff refused to give River her bank account information and informed River that she did not have money in her accounts and that is why she could only use her flex spending account to make any payment.

22.     River threatened that "you'll never be able to buy anything again.  How would you feel if someone owed you money and they refused to pay?"

23.     Plaintiff told River "you are harassing me and this needs to stop."  Plaintiff then asked if River was recording the call to document that she was asking for an itemized statement from them.  River said the call is not being recorded and then hung up on her.

24.     River failed to ever send Plaintiff a "30-Day Validation Notice"

**C.     Plaintiff Suffered Actual Damages**

25.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

27.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

30.     The Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

31.     The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

32.     The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

33.     The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

34.     The Defendants placed calls to the Plaintiff without disclosing the identity of

the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

35.     The Defendants threatened to take legal action, without actually intending to do

so, in violation of 15 U.S.C. § 1692e(5).

36.     The Defendants employed false and deceptive means to collect a debt, in

violation of 15 U.S.C. § 1692e(10).

37.     The Defendants failed to inform the consumer that the communication was an

attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

38.     The Defendants attempted to collect an amount not authorized by the agreement

creating the debt, in violation of 15 U.S.C. § 1692f(1).

39.     The Defendants failed to send the Plaintiff a validation notice stating the

amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

40.     The Defendants failed to send the Plaintiff a validation notice stating the name

of the original creditor to whom the debt was owed, in violation of 15 U.S.C. §

1692g(a)(2).

41.     The Defendants failed to send the Plaintiff a validation notice stating the

Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. §

1692g(a)(3).

7

42.    The Defendants failed to send the Plaintiff a validation notice informing the

Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in

violation of 15 U.S.C. § 1692g(a)(4).

43.    The Defendants failed to send the Plaintiff a validation notice containing the

name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

44.    The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

45.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the

Defendants:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

Defendants;

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against the Defendants;

C.  Costs of litigation and reasonable attorney's fees pursuant to

15 U.S.C. § 1692k(a)(3) against the Defendants;

D.  Actual damages from the Defendants for the all damages including

emotional distress suffered as a result of the intentional, reckless, and/or

1    negligent FDCPA violations in an amount to be determined at trial for

2    the Plaintiff;

3

4    E.  Punitive damages; and

5    F.  Such other and further relief as may be just and proper.

6

7    **TRIAL BY JURY DEMANDED ON ALL COUNTS**

8

9

10

11   DATED:  December 15, 2010            KINDRA DENEAU

12

13

14                                        By:___*/s/   Kindra Deneau*_____
                                          Kindra Deneau
15

16                                        Attorney for Plaintiff
                                          Danielle Schrader
17

18

19

20

21

22

23

24

25

26

27

28
                                        9